IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| JOHN CROMER JR., Plaintiff | ) | 1:25-CV-00287-RAL |
| vs. | ) | RICHARD A. LANZILLO<br>Chief United States Magistrate Judge |
| H. SISSEM, WARDEN/SUPERINTENDENT; AND JOHN DOE, MAINTENANCE, | ) | MEMORANDUM OPINION |
| Defendants | ) | IN RE: ECF NO. 14 |

Memorandum Opinion

I. Introduction

Because Plaintiff has failed to prosecute this case and comply with Orders of the Court, this case will be dismissed pursuant to Federal Rule of Civil Procedure 41(b). Defendants' pending motion to dismiss (ECF No. 14) will be denied as moot.[1]

II. Discussion

A. Background and Procedural History

John Cromer Jr. ("Plaintiff") initiated this case on December 12, 2025, by lodging a Complaint. *See* ECF No. 6. The Complaint was served on Defendants after the Court granted Plaintiff's motion to proceed *in forma pauperis*. The Complaint alleges that unspecified prison officials violated his rights under the Eighth Amendment to the Constitution by refusing to provide him with "proper clothing for

[1] Pursuant to 28 U.S.C. § 636, the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct these proceedings, including the entry of final judgment.

the correct temperature of [his] cell." *Id.*, p.7. The Complaint names SCI Forest Warden H. Sissem and one "John Doe" maintenance worker as Defendants. ECF No. 6, p. 2. Because Plaintiff asserts an Eighth Amendment violation, the Court construes his claim as being asserted under 42 U.S.C. § 1983.

On March 17, 2026, Defendant Sissem moved to dismiss the Complaint and, alternatively, for summary judgment. ECF No. 14. The same day, Sissem filed a supporting brief (ECF No. 15) and a Concise Statement of Material Facts (ECF No. 16). On April 8, 2026, the Court issued an Order instructing Plaintiff to file a brief in opposition and responsive concise statement of material facts. *See* ECF No. 17. Plaintiff did not. On July 31, 2026, the Court issued a second Order instructing Plaintiff to file a brief in opposition and responsive statement of material facts, or to show cause for his failure to respond. ECF No. 18. Plaintiff has not.

B. Legal Standard

"Under Rule 41(b) [of the Federal Rules of Civil Procedure], a district court has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order." *Qadr v. Overmyer*, 642 Fed. Appx. 100, 102 (3d Cir. 2016) (per curium) (citing Fed. R. Civ. P. 41(b)); *see also Adams v. Trustees of New Jersey Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) (recognizing that a court can dismiss a case *sua sponte* under Rule 41(b)). This authority "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in the courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Qadr*, 642 Fed. Appx at 102.

Whether to dismiss an action for failure to prosecute or comply with a court order rest in the sound discretion of the Court. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted). That discretion, while broad, is to be guided by the following factors, commonly referred to as *Poulis* factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id.* (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). "In balancing the *Poulis* factors, [courts] do not [employ] a ... 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). Consistent with this view, "no single *Poulis* factor is dispositive," and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Id.* (internal citations and quotations omitted).

C. Analysis

The Court of Appeals for the Third Circuit has observed that a district court normally must "consider and balance [the six *Poulis* factors] when deciding, *sua sponte*, to use dismissal as a sanction," but "[w]hen a litigant's conduct makes adjudication of the case impossible, ... such balancing under *Poulis* is unnecessary." *Azubuko v. Bell Nat. Org.*, 243 Fed. Appx. 728, 729 (3d Cir. 2007). Here, Plaintiff's

noncompliance with the Court's orders arguably has made adjudication of the case impossible. Nevertheless, in the interest of completeness, the Court will analyze Plaintiff's conduct under the *Poulis* factors.

The first *Poulis* factor requires that the Court consider the party's personal responsibility. Plaintiff is proceeding pro se in this case. His status, however, does not excuse him from his obligation to abide by Orders of the Court. The sole responsibility for meeting those obligations in this case rests with Plaintiff. *Smith v. Pennsylvania Dep't of Corr.*, 2012 WL 4926808, at *2 (W.D. Pa. Oct. 16, 2012) (noting that a pro se plaintiff is personally responsible for the progress of his case and compliance with a court's orders) (citing *Briscoe*, 538 F.3d at 258–59). In defiance of his obligations in this case, Plaintiff has not complied with the Court's Orders directing him to respond to the Defendants' Motion to Dismiss. As a frequent litigant before this Court, Plaintiff is well-aware of his personal responsibility to comply with Court orders. His extensive litigation activity and experience makes it highly unlikely that his non-compliance is inadvertent. Accordingly, the first factor weighs in favor of dismissal.

The second *Poulis* factor requires that the Court consider whether Plaintiff's conduct has resulted in any prejudice to Defendants. In this context, prejudice includes, for example, "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984). Prejudice for purposes of the *Poulis* analysis, however, does not mean

irremediable harm. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). "[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Id.* Plaintiff's failure to respond to Court orders delays the prosecution of this action and frustrates the Defendants' right to a timely resolution of the. Accordingly, the second factor weighs in favor of dismissal.

The third *Poulis* factor requires the Court to consider whether Plaintiff has exhibited a history of dilatoriness over the life of this case. *Adams*, 29 F.3d at 875 ("a party's problematic acts must be evaluated in light of its behavior over the life of the case."). "[C]onduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" *Briscoe*, 538 F.3d at 261. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874. Because Plaintiff's failure to respond to the Defendants' motion has stalled this case before the viability of his claims can be determined, the case has had little procedural history to consider Plaintiff's diligence in prosecuting his claims. But given that Plaintiff has repeatedly failed to comply with his only post-complaint substantive obligation—responding to the Defendants' motion to dismiss—the third *Poulis* factor will be considered neutral, neither weighing in favor or against dismissal.

The fourth *Poulis* factor requires the Court to consider whether Plaintiff's conduct was willful or in bad faith. In this context, "[w]illfulness involves intentional

or self-serving behavior." *Adams*, 29 F.3d at 874. Plaintiff's failure to comply with multiple Court orders "demonstrate[s] a willful disregard for procedural rules and court directives." *Doss v. United States*, 2024 WL 759058, at *2 (W.D. Pa. Jan. 22, 2024), *report and recommendation adopted*, 2024 WL 757090 (W.D. Pa. Feb. 20, 2024). Further, both response Orders warned Plaintiff that failure to comply may lead to his Complaint being dismissed. *See* ECF Nos. 17, 18. Plaintiff's non-compliance in the face of these warnings supports that his failure to respond was knowing and deliberate. Accordingly, the fourth factor weighs in favor of dismissal.

The fifth *Poulis* factor requires the Court to consider the effectiveness of alternate sanctions. Dismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal. *Poulis*, 747 F.2d at 868. In general, "sanctions less than dismissal [are] ineffective when a litigant, such as [Plaintiff], is proceeding pro se." *Lopez v. Cousins*, 435 Fed. Appx. 113, 116 (3d Cir. 2011); *Emerson*, 296 F.3d at 184. "This case presents such a situation [where the plaintiff's] status as a pro se litigant severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion." *Carr v. Zahuronic*, 2022 WL 12073522, at *2 (W.D. Pa. Oct. 20, 2022). Further, Plaintiff is proceeding *in forma pauperis* in this case. Therefore, it is unlikely that monetary sanctions would be effective. Finally, Plaintiff's failure to respond to the Court's prior Orders leads to an inference that further orders would not be effective. Accordingly, the fifth factor weighs in favor of dismissal because no other sanction would be effective.

The sixth and final *Poulis* factor requires the Court to consider the meritoriousness of the claim. A claim is deemed "meritorious" for the purposes of the *Poulis* analysis when the allegations of the complaint, if established at trial, would support recovery. *Poulis*, 747 F.3d at 870. To evaluate this factor, a court uses the standard for a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim. *Briscoe*, 538 F.3d at 263. Due to the procedural posture of the case, the Court has not yet had occasion to analyze Plaintiff's Complaint on its merits. *Dorsey v. Marsh*, 2023 WL 8259259, at *2 (M.D. Pa. Nov. 29, 2023). But the dearth of factual allegations of the Complaint leaves little doubt that it would not survive the Defendants' motion. Plaintiff asserts a claim under the Eighth Amendment based on the conditions of his confinement. "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious,' [such that] a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities."' *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted). Second, the plaintiff must demonstrate that the official acted with deliberate indifference to the health or safety of the plaintiff. *Id.* Plaintiff's Complaint alleges that unspecified prison personnel refused to provide him with "proper clothing for the correct temperature of [his] cell." ECF No. 6, p.7. He names Warden Sissem and a "John Doe" maintenance man as Defendants. However, he fails to allege any personal involvement on the part of Sissem. It thus appears that he bases his claim against Sissem on his position as Warden and the doctrine of respondeat superior or supervisory liability. A

defendant's liability under § 1983 "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). Instead, Plaintiff must show that each defendant played an "affirmative part" in the complained-of misconduct. *Id.* This can be shown by alleging facts to support that the defendant "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced" in a subordinate's unconstitutional conduct. *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995)). "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity," including the specifics of each defendant's direct involvement in the conduct that violated the plaintiff's rights or the source of each defendant's knowledge of the violation and how his acquiescence contributed to it. *Rode*, 845 F.2d at 1207–08. *See also Evancho*, 423 F.3d at 354. Plaintiff's Complaint supports none of these requirements as to Sissem. It also includes no factual allegations regarding what involvement, if any, the Defendant maintenance man had in refusing him climate appropriate clothing. Defendants have "presented . . . arguments which since they are not rebutted appear to be meritorious." *Fowler v. Tennis*, 2011 WL 1988418, at *3 (M.D. Pa. May 2, 2011), *report and recommendation adopted*, 2011 WL 1990555 (M.D. Pa. May 23, 2011). In addition to the general failure of the Complaint to state a claim, these arguments include that Plaintiff failed to exhaust his administrative remedies under the PLRA, *see* ECF No.

14, and that Eleventh Amendment sovereign immunity bars certain of Plaintiff's claims. *Id.* Upon the filing of Defendants' motion to dismiss, Plaintiff had the opportunity to file an amended complaint to allege additional facts to support a claim. He failed to do so, further indicating that his claims against the Defendants lack merit.

Accordingly, this factor also weighs in favor of dismissal.

Balancing the *Poulis* factors as they apply to this case, the Court finds that they weigh heavily in favor of dismissal of this action for lack of prosecution.

III. Conclusion

For the foregoing reasons,

(1) This case will be DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure;

(2) Defendants' Motion to Dismiss (ECF No. 14) will be DENIED AS MOOT; and

(3) The Clerk of Court will be DIRECTED to CLOSE this case.

A separate order will follow.

Dated this 21st day of September, 2026.

BY THE COURT:

RICHARD A. LANZILLO
Chief United States Magistrate Judge